SHOWA LAW OFFICE, LLLC

ANDREW DAISUKE STEWART  7810-0
735 Bishop Street, Suite 318
Honolulu, Hawaii 96813
Tel. (808) 772-9297
Attorney for Plaintiff
SALLY B. TOLENTINO
(AKA "TINO" TOLENTINO)

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| SALLY B. TOLENTINO (AKA "TINO" TOLENTINO),<br><br>   Plaintiff,<br><br>   vs.<br><br>G4S SECURE SOLUTIONS (USA) INC.; STATE OF HAWAI'I DEPARTMENT OF PUBLIC SAFETY; MAX N. OTANI, IN HIS CAPACITY AS DIRECTOR OF STATE OF HAWAI'I DEPARTMENT OF PUBLIC SAFETY; STATE OF HAWAI'I; SAMUEL KANOE, Individually; "G." PARK, Individually; JOHN DOES 1-10; JANE DOES 1-10; AND DOE CORPORATE ENTITIES 1-10; DOE GOVERNMENTAL ENTITIES 1-10,<br><br>   Defendants. | Civil No. 21-381<br><br>COMPLAINT; JURY DEMAND; SUMMONS |

<u>COMPLAINT</u>

1

Comes now Plaintiff, SALLY B. TOLENTINO (AKA "TINO" TOLENTINO), by and through his attorney, SHOWA LAW OFFICE, LLLC, and hereby files this Complaint, and alleges and avers the following causes of action against Defendants G4S SECURE SOLUTIONS (USA) INC.; STATE OF HAWAI'I DEPARTMENT OF PUBLIC SAFETY; MAX N. OTANI, IN HIS CAPACITY AS DIRECTOR OF STATE OF HAWAI'I DEPARTMENT OF PUBLIC SAFETY; STATE OF HAWAI'I; SAMUEL KANOE, INDIVIDUALLY; "G." PARK, INDIVIDUALLY; JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATE ENTITIES 1-10; DOE GOVERNMENTAL ENTITIES 1-10 (hereinafter collectively "Defendants").

## **THE PARTIES**

1. Plaintiff SALLY B. TOLENTINO (AKA "TINO" TOLENTINO) (hereinafter "Plaintiff") is currently a resident of the City and County of Honolulu, State Hawai'i.

2. Defendant G4S SECURE SOLUTIONS (USA) INC. (hereinafter "G4S") is and was at all times relevant, a foreign corporation incorporated in the State of Florida but conducting business in the State of Hawai'i.

3. Defendant STATE OF HAWAI'I DEPARTMENT OF PUBLIC SAFETY (hereinafter "DPS") is and was at all times relevant hereto a State department/agency incorporated under the laws of the State of Hawai'i.

2

4. Defendant STATE OF HAWAI'I (hereinafter the "State") is and was at all times relevant hereto a State with in the United States of America.

5. DPS and the State are empowered by the Hawai'i Revised Statutes and the State of Hawaii Constitution.

6. DPS and the State are governmental entities engaged in industry affecting commerce, having one hundred or more employees in each of twenty or more calendar weeks, and have their principal places of business located in the City and County of Honolulu, State of Hawai'i within the U.S. District of Hawai'i.

7. Defendant MAX N. OTANI (hereinafter the "Director"), in his capacity as Director of DPS, is and was at all times relevant hereto, a resident of the City and County of Honolulu, State of Hawai'i within the U.S. District of Hawai'i.

8. Defendant SAMUEL KANOE (hereinafter "Officer Kanoe"), is and was at all times relevant hereto an employee of the State of Hawai'i Department of Public Safety and a resident of the City and County of Honolulu, State of Hawaii within the U.S. District of Hawaii.

9. Defendant "G." Park (hereinafter "Officer Park"), is and was at all times relevant hereto an employee of the State of Hawai'i Department

of Public Safety and a resident of the City and County of Honolulu, State of Hawaii within the U.S. District of Hawaii.

10. JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATE ENTITIES 1-10; AND DOE GOVERNMENTAL ENTITIES 1-10 (collectively referred to herein as "DOE DEFENDANTS" or "other presently unidentified Defendants" are sued herein under fictitious names for the reason that their true names and identities are presently unknown to Plaintiff except that they are connected in some manner with Defendants or were the agents, principals, partners, officers, directors, members, servants, employees, employers, representatives, co-venturers, associates, consultants, vendors, suppliers, manufacturers, subcontractors, contractors, sureties, insurers, owners, lessees, sublessees, lessors, guarantors, assignees, assignors, licensees or licensors of Defendants or were in some manner presently unknown to Plaintiff, engaged in the activities alleged herein, or were in some manner responsible for the injuries and damages to Plaintiff, or conducted some activity or activities in a negligent or wrongful manner which was a proximate cause of the injuries and damages to Plaintiff, and Plaintiff prays for leave to certify the true names, identities, capacities, activities, and responsibilities of DOE DEFENDANTS when the same are ascertained.

## JURISDICTIONAL STATEMENT

11. This Honorable Court has federal subject matter jurisdiction over the subject matter of the within action pursuant to 28 U.S.C. Sections 1331 and 42 U.S.C. Section 1981.

12. This Honorable Court has supplemental jurisdiction over the remaining state law claims pursuant to 28 U.S.C. Section 1331.

13. The U.S. District Court for the District of Hawai'i is the appropriate venue for this action pursuant to 42 U.S.C. Sections 1391(b) and inasmuch as the causes of action alleged herein accrued in the State of Hawai'i and the named defendants reside and/or committed the alleged unlawful practices within the U.S. District of Hawai'i.

14 Plaintiff requests a jury trial on all issues pursuant to 42 U.S.C.A. Section 1981(a).

## FACTUAL ALLEGATIONS

15. Plaintiff was born a biological female but identifies as a transgendered male.

16. During all times relevant, Plaintiff was employed by G4S as a security guard contracted to provide security services to buildings operated by the State of Hawaii Judiciary.

17. Plaintiff was initially employed by G4S as a security guard on or about December of 2015.

18. G4S dispatched Plaintiff to work as a security guard for courthouses operated by the State of Hawai'i beginning on or about September 2017.

19. During the summer months of 2019 Officer Leo Cueto repeatedly asked Plaintiff about Plaintiff's mastectomy and why he would disrespect his parents by giving up his birth name and undergoing surgery to change or reassign his gender, in the presence of other State of Hawaii employees, G4S employees, as well as, members of the general public.

20. On or about August 29, 2019, while Plaintiff was posted at the Ronald T. Y. Moon Judiciary Complex, Officer Kanoe sexually harassed Plaintiff by telling Plaintiff that Plaintiff was "still a female" until such time Plaintiff underwent sex reassignment surgery, in the presence of other State of Hawaii employees, G4S employees, as well as, members of the general public.

21. In response, Plaintiff informed Officer Kanoe that Plaintiff identifies himself as a male and that Plaintiff's preferred pronouns are "he" and "him".

22. On or about August 29, 2019, Officer Kanoe made comments about Plaintiff's "private parts", as well as, additional comments about surgery in reference to Plaintiff's private parts.

6

23. On or about September 12, 2019, while Plaintiff was posted at the Front Check Point at the Ronald T. Y. Moon Judiciary Complex, Officer Kanoe approached Plaintiff, looked directly at Plaintiff, and verbally stated: "We need a real male." Officer Kanoe then proceeded to state that he does not approve of "transgenders" and that Plaintiff would "never be a male."

24. On or about September 12, 2019, Plaintiff filed a written "Complaint for discrimination" addressed to "Lieutenant Oakland" of DPS, complaining about the August 29, 2019 and September 12, 2019 incidents involving Officer Kanoe, stating in relevant part: "I will no longer tolerate being harassed based upon my gender identity and/or sex."

25. After Plaintiff made the complaint to Lieutenant Oakland of DPS, the sheriff's deputies he was working with at the Ronald T. Y. Moon Judiciary Complex began treating him differently from other similarly situated security guards, including but not limited to the following.

26. On or about September 19, 2019, when Plaintiff requested access to the unisex restrooms at the Ronald T. Y. Moon Judiciary Complex, Plaintiff was denied access to the unisex restrooms, which he previously was given regular access to.

27. Subsequent to September 19, 2019, the sheriff's deputies began altering the terms and conditions of Plaintiff's employment by

7

requiring Plaintiff to simultaneously handle multiple job duties, which were typically assigned to multiple security guards.

28. In or about October or November 2019, Plaintiff reported to G4S the sexual harassment and sexually hostile work environment he was subjected to Ronald T. Y. Moon Judiciary Complex but G4S failed to take remedial measures to rectify the sexually hostile work environment or remove Plaintiff from said sexually hostile work environment.

29. Plaintiff has not been able to report to work since April 4, 2020 due to the sexually hostile work environment and retaliation he was subjected to at the Ronald T. Y. Moon Judiciary Complex.

30. On or about August 13, 2021, when Plaintiff sought to access public records and obtain information at State of Hawaii, Department of Labor and Industrial Relations, located at 830 Punchbowl Street, Honolulu, Hawaii, for purposes of Plaintiff's application for unemployment insurance benefits, deputy sheriffs denied Plaintiff entry into the building and denied Plaintiff access to public records, while permitting non-transgender members of the public to enter the building and/or access public records relating to unemployment insurance benefits.

## COUNT I

## Sexual Harassment in Violation of Hawaii Revised Statutes Section 378-2 (against G4S)

31. Plaintiff repeats and realleges and by reference incorporates the allegations contained in the above paragraphs.

32. As a transgendered male, Plaintiff is in a legally protected class due to his gender and/or gender identity.

33. During Plaintiff's employment with G4S, Plaintiff was subjected to sexual harassment and a sexually hostile work environment in the course of his employment, which took place within and/or around a government building open to the public.

34. The sexual harassment and sexually hostile work environment Plaintiff was subjected to in the course of his employment while working within and/or around a government building open to the public was open and notorious.

35. The sexual harassment and sexually hostile work environment Plaintiff was subjected to in the course of his employment was a continuing violation.

36. G4S knew or should have known that Plaintiff was being subjected to unlawful sexual harassment and a sexually hostile work

environment by employees of DPS on a regular basis because of Plaintiff's gender and/or gender identity.

37. Notwithstanding the sexual harassment and sexually hostile work environment Plaintiff was being subjected to, during the course of his employment, G4S failed to take remedial action to protect Plaintiff from the sexual harassment and sexually hostile work environment.

38. As a proximate and substantial cause of G4S's violation of Hawaii Revised Statutes, Section 378-2, Plaintiff has suffered damages in amounts to be proven at trial.

## COUNT II

**Infringement of Plaintiff's Civil Rights in Violation of 42 U.S.C.A. Section 1983 (against State & DPS)**

39. Plaintiff repeats and realleges and by reference incorporates the allegations contained in the above paragraphs.

40. As a transgendered male, Plaintiff is in a legally protected class due to his gender and/or gender identity.

41. Under 42 U.S.C.A. Section 1983 it is unlawful for a governmental entity, through its agents or employees, to discriminate against an individual on the basis of his gender and/or gender identity.

42. At all times relevant hereto, when engaging in the above-described discriminatory conduct, Officers Kanoe, Officer "G." Park, and

other currently unidentified sheriff's deputies, were acting in the scope of their employment as deputy sheriffs under the color of the State of Hawai'i Department of Public Safety. As such, the State and DPS were directly and otherwise responsible for said deputy sheriffs' actions and conduct.

43. Officer Kanoe, Officer Park, and the other currently unidentified sheriff's deputies' actions and conduct were disparate and discriminatory and were motivated by Plaintiff's gender and/or gender identity.

44. The aforementioned conduct deprived Plaintiff of his rights privileges and immunities protected by the Constitution, statutes, regulations, and other laws of the United States.

45. As a proximate and substantial cause of said unlawful discrimination and deprivation of his civil rights, Plaintiff has suffered damages in amounts to be proven at trial.

## COUNT III

**Unlawful Retaliation and Infringement of Plaintiff's First Amendment Rights in Violation of 42 U.S.C.A. Section 1983**

**(against State & DPS)**

46. Plaintiff repeats and realleges and by reference incorporates the allegations contained in the above paragraphs.

47. After Plaintiff reported and/or complained about unlawful sexual harassment and discrimination in contravention of his civil rights to DPS, Plaintiff was subjected to retaliation by sheriff's deputies, who altered the terms and conditions of his employment, as well as, barred Plaintiff from accessing certain government facilities and buildings.

48. Under 42 U.S.C.A. Section 1983 it is unlawful for a governmental entity, through its agents or employees, to retaliate against an individual for asserting his civil rights and/or exercising his free speech rights under the First Amendment of the United States Constitution.

49. As a proximate and substantial cause of said unlawful retaliation and deprivation of his civil rights, Plaintiff has suffered damages in amounts to be proven at trial.

## COUNT IV

### Intentional Infliction of Emotional Distress

### (against Officer Kanoe, Officer Park, and Other Currently Unidentified Sheriff's Deputies)

50. Plaintiff repeats and realleges and by reference incorporates the allegations contained in the above paragraphs.

51. Officer Kanoe, Officer Park and the other currently unidentified sheriffs' deputies have engaged in extreme and outrageous

behavior towards Plaintiff, which were done with malice and with the intent to cause, or the knowledge that it would cause, severe emotional and mental distress to Plaintiff.

52. Officer Kanoe, Officer Park and the currently unidentified sheriffs' deputies' aforementioned discriminatory conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community.

53. Plaintiff has suffered and continues to suffer severe emotional distress and emotional injury.

54. Officer Kanoe, Officer Park and the other currently unidentified sheriffs' deputies' aforementioned actions were the direct and proximate cause of such severe emotional distress and emotional injury to Plaintiff

55. Plaintiff suffered and continues to suffer mental anguish as a result of having his civil rights violated by Officer Kanoe, Officer Park and the other currently unidentified sheriff's deputies, and said mental anguish is of a nature that no reasonable person could be expected to endure.

56. As a proximate and substantial cause of said intentional infliction of emotional distress, Plaintiff has suffered damages in amounts to be proven at trial.

## COUNT V

## Invasion of Privacy

## (against Officer Kanoe, State, and DPS)

57. Plaintiff repeats and realleges and by reference incorporates the allegations contained in the above paragraphs.

58. By subjecting Plaintiff to sexual harassment and a sexually hostile work environment by referencing Plaintiff's private parts and questioning the integrity of her gender identity in a public space in the presence of State of Hawaii employees, Plaintiff's co-workers, and members of the general public, Officer Kanoe intentionally or negligently invaded Plaintiff's privacy.

59. To the extent Officer Kanoe's invasion of privacy was a negligent act, as Officer Kanoe's employer, State and DPS are vicariously liable for Officer Kanoe's conduct.

60. As a proximate and substantial cause of said invasion of privacy, Plaintiff has suffered damages in amounts to be proven at trial.

## COUNT VI

## Negligence/ Negligent Training / Negligent Supervision

## (against State and DPS)

61. Plaintiff repeats and realleges and by reference incorporates the allegations contained in the above paragraphs.

62. The State and DPS owed Plaintiff a duty to, among other things, train their employees, agents, and representatives, including but not limited to, Officer Kanoe, Officer Park and the currently unidentified sheriff's deputies, with due diligence, to train them on the State of Hawaii's laws, regulations, and policies on equal employment opportunity and against discrimination, harassment, and retaliation, in order to prevent their employees from acting harmfully, wrongfully, or tortiously towards Plaintiff.

63. The State and DPS owed Plaintiff a duty to, among other things, supervise their employees, agents, and representatives, including but not limited to, Officer Kanoe, Officer Park and the currently unidentified sheriff's deputies, with due diligence, to ensure compliance with laws, regulations, and policies on equal employment opportunity prohibiting discrimination, harassment, and retaliation, and to discipline or terminate employment when their employees are acting harmfully, wrongfully, or tortiously.

64. The State and DPS's failure to establish and enforce supervisory policies and training for its employees proximately caused Plaintiff's injuries as described herein.

65. Plaintiff has sustained substantial damages as a direct and proximate result of the State and DPS's negligent training and/or

15

supervision of Officer Kanoe, Officer Park and the currently unidentified sheriff's deputies, in amounts to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered in its favor against all Defendants as follows:

A. For judgment in its favor on each and every count as alleged against the Defendants claimed herein, and presently unidentified Defendants, jointly and/or severally, in the type of relief or amount of damage set forth therein of for such amount as may be proven at trial.

B. For special damages against Defendants and presently unidentified Defendants, and each of them, jointly and severally, in an amount to be proven at trial, including but not limited to, back pay and front pay.

C. Plaintiff be awarded further special, general, and/or consequential damages.

D. Punitive damages as may be proven at trial.

E. Plaintiff be awarded all costs of suit, including reasonable attorney's fees and costs, interest, all costs of investigation, and such other and further relief as the Court deems equitable in the premises.

DATED: Honolulu, Hawaii, September 10, 2021.

*/s/ Andrew Daisuke Stewart*
_____
ANDREW DAISUKE STEWART
SHOWA LAW OFFICE, LLLC

Attorney for Plaintiff
SALLY B. TOLENTINO
(AKA "TINO" TOLENTINO)